UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BEVERAGE MARKETING USA,

                        Plaintiff,                **REPORT &**
                                                            **RECOMMENDATION**
                                                             CV 09-2102 (JS) (WDW)

        -against-

HORNELL BREWING CO., INC. et al.,
                          Defendant.
-----------------------------------------------------------------X
**WALL, Magistrate Judge:**

By order dated October 25, 2010, the plaintiff was warned that if he failed to contact the court in regard to his case, an immediate recommendation of dismissal would be made to the District Judge. The plaintiff has not responded, and I now recommend dismissal with prejudice pursuant to Rule 41, for failure to prosecute this action and failure to comply with this court's orders.

**DISCUSSION**

Rule 41 (b) of the Federal Rules provides, in pertinent part, as follows:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

It is well-established that dismissal for failure to prosecute is a "a harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Mkt Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir. 1988)(quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). Yet the court's power to order such drastic relief "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The following five factors should be considered on a motion to dismiss for failure to prosecute: (1) the duration of plaintiff's failures, (2) whether plaintiff had adequate notice that further delays would result in dismissal, (3) prejudice to defendants in furthering the delay, (4) a balance between alleviating court congestion and protecting plaintiff's right to due process and an opportunity to be heard, and (5) the efficacy of lesser sanctions. *See Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez,* 839 F.2d at 932. Here, the plaintiff has failed to respond both to Judge Orenstein's Order to Show Cause and to my order, despite a clear warning of what effect that failure would have. Thus, I recommend dismissal with predudice.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      November 9, 2010

                                               s/ William D. Wall
                                              WILLIAM D. WALL
                                              United States Magistrate Judge